FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ALVARO INIGUEZ and BROOKE LANGFORD, on their own behalf and on behalf of others similarly situated,

Plaintiffs,

v.

H&M HENNES & MAURITZ AB and H&M FASHION USA INC.,

Defendants.

Case No. 2:26-CV-00244-MKD

ORDER DENYING DEFENDANTS' MOTION TO TRANSFER, ORDER STAYING ACTION, AND SHOW CAUSE ORDER

**ECF No. 8**

Before the Court is Defendant H&M Fashion USA Inc.'s (H&M) Motion to Transfer to the Western District of Washington, ECF No. 8. The Court has reviewed the motions and is fully informed. For the reasons detailed below, the Court denies Defendant's motion to transfer to the Western District of Washington and stays this action pending the resolution of *Murphy v. H&M Fashion USA, Inc.*, No. 2:25-cv-02382 (W.D. Wash) (the "*Murphy* action").

Additionally, as described below, the Court orders the parties to show cause (1) whether this Court has subject matter jurisdiction, and (2) whether this case should be stayed pending the Ninth Circuit's decision in the *Montes II* appeal.

## BACKGROUND

### A. Factual History

#### *i. The Iniguez Action*

This class action lawsuit, (the "*Iniguez* action") arises from a series of marketing emails from clothing retailer H&M which Plaintiffs allege violated Washington's Commercial Electronic Mail Act (CEMA) and Consumer Protection Act (CPA). ECF No. 1-1 at 3 ¶¶ 4-7. Specifically, Plaintiffs Iniguez and Langford allege H&M sent emails advertising short-term sales events to create a false sense of urgency, only to later extend the sales. ECF No 1-1 at 8-14. The Plaintiffs in this case purport to bring the action on behalf of themselves and "all Washington residents" who received one of these commercial emails from H&M during the Class Period, from April 30, 2022, until a class is certified. *Id.* at 16-17 ¶ 104, 106.

#### *ii. The Murphy Action*

Relevant to this motion is that prior to Plaintiffs filing this case, a similar class action against H&M, the*Murphy* action, was already underway in the Western District of Washington. ECF No. 9 at 4. Plaintiffs Murphy and McInnis filed a lawsuit against H&M—*Murphy v. H&M Fashion USA, Inc.*, No. 2:25-cv-02382

(W.D. Wash)—alleging H&M sent emails in violation of the CEMA and CPA. *Id.* at 5-7 ¶¶ 7-10. Just like the plaintiffs in the *Iniguez* action, the *Murphy* plaintiffs allege H&M sent emails advertising short-term sales events to create a false sense of urgency, only to later extend the sales. ECF No. 9 at 5 ¶ 7. The plaintiffs in the *Murphy* action advance an additional theory of liability concerning emails from H&M advertising sales that allegedly mislead the reader by obfuscating which items are excluded from the sale. ECF No. 9 at 5 ¶ 6. The plaintiffs in the *Murphy* Action purport to bring the suit "on behalf of persons residing in Washington" who, from October 23, 2021, until a class is certified, received emails from H&M. *Id.* at 17-18 ¶ 108.

**B. Procedural History**

Plaintiffs filed their Class Action Complaint on April 30, 2026, in the Spokane County Superior Court alleging violations of the CEMA and CPA. ECF No. 1-1 at 18-19 ¶¶ 115-31. H&M subsequently removed the case to the Eastern District of Washington via the Class Action Fairness Act and on diversity jurisdiction grounds. ECF No. 1 at 2. H&M filed this motion to transfer on July 2, 2026. ECF No. 8.

## LEGAL STANDARDS

### A. Transfer Under § 1404(a)

A district court may transfer an action under § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district "where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion to transfer a case to a different venue after doing "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2003) (internal quotation marks omitted); *see* 28 U.S.C. § 1404. The factors the court considers are:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.

### B. First-to-File Rule

The first-to-file rule is a "judicially created doctrine of federal comity, which applies when two cases involving substantially similar issues and parties have been filed in different districts." *In re Bozic*, 888 F.3d 1048, 1051-52 (9th Cir. 2018) (internal citations omitted) (first quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*,

678 F.2d 93, 94–95 (9th Cir. 1982); then quoting *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)). Under this rule, a district court has the discretion to "transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Id.* at 1052 (internal quotations omitted) (quoting *Cedars-Sinai Med. Ctr. V. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)).

The applicability of the first-to-file rule depends on three factors, (1) chronology of the actions, (2) similarity of the parties, and (3) similarity of the issues. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 5815745, at *4 (W.D. Wash. Sept. 30, 2020). Notwithstanding those factors, a court may decline to apply the first-to-file rule if an exception applies, such as when the first action was filed in bad faith, was an anticipatory suit, or was filed as part of forum shopping. *Alltrade*, 946 F.2d at 628.

A court can only transfer a case under the first-to-file rule if the transferee venue would be proper under § 1404(a). *Bozic*, 888 F.3d at 1054 (first-to-file rule is subject to the venue requirement of § 1404(a)). Even where the § 1404(a) venue requirement prevents a court from transferring the case under the first-to-file rule, a court may still exercise its discretion to dismiss or stay the case. *Ford v. [24]7.ai, Inc.*, 812 F. App'x 576, 577 (9th Cir. 2020).

## DISCUSSION

H&M initially argued for a transfer to the Western District of Washington under § 1404(a), which permits a transfer of venue for the convenience of the parties. ECF No. 8 at 5. In their response, Plaintiffs correctly pointed out that this motion should be evaluated under the first-to-file rule, not § 1404(a). ECF No. 18 at 12. H&M then argued transfer under the first-to-file rule was also warranted for the first time in its reply. ECF No. 24 at 11. As explained below, transfer under either § 1404(a) or the first-to-file rule would be improper. However, staying this action pending the resolution of *Murphy* is warranted.

### A. This Case Could Not Have Been Brought in the Western District of Washington

As a threshold matter, a court may only transfer a case to another district "where it might have been brought." 28 U.S.C. § 1404(a). "The phrase where an action 'could have been brought' is interpreted to mean that the proposed transferee court would have subject matter jurisdiction, proper venue, and personal jurisdiction." *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1041 (S.D. Cal. 2023) (quoting *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12-cv-911-IEG-WMC, 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012)). H&M is not a resident of the Western District, therefore, venue would only be proper if "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

***i. Events giving rise to the claim did not occur in Western District***

H&M argues that because Plaintiffs' purport to represent "all Washington residents," potential members of the class received H&M's emails in the Western District. ECF No. 8 at 10-11. Therefore, H&M argues, a substantial part of the events giving rise to the claim occurred in the Western District. *Id.* The plaintiffs correctly point out that *Bozic* forecloses this argument. ECF No. 18 at 8.

In *Bozic*, the defendant in a class action lawsuit in the Southern District of California sought to transfer the case to the Eastern District, where similar litigation was already underway. *Bozic* 888 F.3d at 1051. The defendant's argument in *Bozic* is essentially identical to the argument advanced by H&M: that potential class members purchased the relevant items in the Eastern District of California, and therefore venue is property in that district. *Id.* at 1053-54. The Court in *Bozic* rejected this argument outright: "Whether before or after class certification, the claims of unnamed class members can never make permissible an otherwise impermissible venue. Rather, in a class action, the 'events' in question are only those involving the named plaintiffs." *Id.* (citing *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003)).

The Plaintiffs' complaint does not suggest any of the events that gave rise to this lawsuit occurred in the Western District. Therefore, venue is not proper in the Western District on these grounds.

***ii. H&M's consent argument fails***

In its reply, H&M argues that venue is proper in the Western District because H&M "consents to litigation there." ECF No. 24 at 5-7. While § 1404 does permit change of venue upon "consent or stipulation of all parties," the Plaintiffs in this action do not consent to the action being transferred to the Western District of Washington. *See Oregon-Idaho Utilities, Inc., v. Skitter Cable TV, Inc.*, No. 1:16-CV-00228-EJL, 2017 WL 3446290, at *5 (D. Idaho Aug. 10, 2017) (finding transfer under § 1404(a) appropriate where *all* parties consented to the transfer); ECF No. 18 at 7-8.

H&M cites to several district court cases to support its contention that § 1404(a) can be satisfied by consent of the defendant alone. ECF No. 24 at 6-7. However, these cases were decided before *Bozic*, and many are outside the Ninth Circuit. Therefore, H&M's argument that § 1404(a) is satisfied by its consent to venue in the Western District fails.

***iii. Conclusion***

H&M cannot establish the threshold requirement of § 1404(a), that plaintiffs "could have brought" their claim in the Western District. Therefore, transfer to the Western District under §1404(a) would be improper.

**B. First-to-File Rule is Applicable**

While transfer under § 1404(a) is not available due to the lack of proper venue, the court still has discretion to apply the first-to-file rule. All the factors weigh in favor of applying the first-to-file rule.

***i. Chronology***

The chronology analysis is straightforward, "the court looks to the dates the complaints were filed." *Edmonds*, 2020 WL 5815745 at *4. For this analysis, the relevant date is when the original complaint was filed, not a subsequent amended complaint. *Id.*

Here, the *Murphy* complaint was filed in King County Superior Court on October 23, 2025. ECF No. 9 at 2. The *Iniguez* complaint was filed in Spokane County Superior Court on April 30, 2026. ECF No. 1-1 at 1. Therefore, the *Murphy* complaint was filed first, and the chronology factor weighs in favor of applying the first-to-file rule. Plaintiffs do not dispute this prong of the first-to-file rule. ECF No. 18 at 13.

***ii. Similarity of the parties***

The first-to-file rule does not require the parties in both actions be identical, rather it "requires only substantial similarity of parties." *Kohn Law Group, Inc.*, 787 F.3d at 1240. In the context of a class action, "a court should compare the putative classes, rather than the named plaintiffs, to determine whether the classes

encompass at least some of the same individuals." *Martin v. Binance Holdings, Ltd.*, 2025 WL 1159213 at*2 (W.D. Wash. April 21, 2025); *Edmonds*, 2020 WL 5815745 at *4.

Here, the putative classes in both actions are effectively identical. The class in *Murphy* includes: "all Washington residents" who received an email from H&M beginning October 23, 2021, until the date a class is certified. ECF No. 9 at 17-18. Whereas the class in *Iniguez* includes: "all Washington residents" who received an email from H&M beginning April 30, 2022, until the date a class is certified. ECF No. 1-1.

Plaintiffs' reliance on *Burns* is misplaced. In *Burns*, the first action was *less* inclusive of potential class members than the second action. *Burns v. Gerber Products Co.*, 2012 WL 8251405 *2 (E.D. Wash. Sept. 4, 2012). Applying the first-to-file rule in *Burns*, therefore, would mean excluding an untold number of "potential class members who could lose their right to seek relief." *Id.* The opposite is true here; the first action is *more* inclusive than the second because it includes as potential class members people who began receiving emails from H&M at an earlier date. *See* ECF No. 8 at 7.

Plaintiffs further argue that the parties are not sufficiently similar because their action is against two defendants (H&M Hennes & Mauritz AB and H&M

Fashion USA Inc.)[1] whereas the *Murphy* action is against one defendant, (H&M Fashion USA Inc.). ECF No. 9 at 4. However, the parties need not be identical, and the first-to-file rule applies even if the second-filed action includes defendants not present in the first. *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1382 (S.D. Cal. 2014) (applying the first-to-file rule even when the second action included four additional defendants).

Because Plaintiffs' putative class is virtually identical to the putative class in the *Murphy* action, and because the actions share a common defendant, this prong weighs in favor of applying the first-to-file rule.

***iii. Similarities of the issues***

Like the parties, "the issues in both cases also need not be identical, only substantially similar." *Kohn Law Group, Inc.*, 787 F.3d at 1240. In determining the similarity of the issues, the court "look[s] at whether there is substantial

---

[1] In a separate motion, Plaintiffs seek leave to amend their complaint to fix a clerical error by changing the name of defendant H&M Hennes & Mauritz AB to H&M Hennes & Mauritz GBC AB. ECF 10 at 2. If the court were to grant this motion, the first-to-file "similarity of the parties" analysis would not change because the *Murphy* action and the *Iniguez* action still share one defendant in common: H&M Fashion USA.

overlap between the two suits." *Id.* at 1241. When analyzing the issues, "district courts in the Ninth Circuit consider if the common facts, taken together, would lead to the same central question between the cases." *Martin*, 2025 WL 1159213, at *3.

Here, there is substantial overlap between the issues in the *Murphy* action and the issues in this case. Both actions concern promotional emails sent by H&M to residents of Washington, indeed, as H&M points out, seven of the emails identified in the *Iniguez* complaint are also explicitly identified in the *Murphy* complaint. ECF No. 8 at 8. The claims for relief are essentially identical as both complaints allege that H&M's emails violate the CEMA and CPA. ECF No. 1-1 at 18-21; ECF No. 9 at 20-22.

Plaintiffs argue the actions are not similar because the *Iniguez* complaint references six emails that are not referenced in the *Murphy* complaint. ECF No. 18 at 14. Again, the first-to-file rule does not require the two actions to be carbon copies of each other—substantial similarity is enough. Further, while the *Murphy* complaint may not explicitly reference six emails referenced in the *Iniguez* complaint, the *Murphy* complaint contemplates "hundreds of commercial electronic mail messages with false or misleading subject lines to Named Plaintiffs and the Class." ECF No. 9 at 9. Therefore, it appears that every email at issue in this case is likely to be at issue in the *Muphy* action.

The two actions rely on substantially similar, and in some instances identical, facts to assert claims for relief under the same sections of Washington law. The common facts, in other words, "lead to a central issue between the cases." *Martin*, 2025 WL 1159213 at *3. Therefore, the issues are sufficiently similar to warrant application of the first-to-file rule.

***iv. A stay pending the disposition of Murphy is warranted under first-to-file rule***

While a court's ability to transfer a case under the first-to-file rule is limited by the venue requirements of § 1404(a), its ability to stay and dismiss is not. *See Bozic*, 888 F.3d at 1-54 n.4 (noting § 1404(a) was not relevant in a case where the district court applied first-to-file rule to dismiss rather than transfer the second-filed action). Indeed, after its decision in *Bozic*, the Ninth Circuit held that a district court may stay or dismiss[2] a case under the first-to-file rule where transfer

---

[2] In *Ford v. [24]7.ai, Inc.*, the district court dismissed the second-filed action even though the court in the first-filed action was likely going to dismiss it. On appeal, the Ninth Circuit reversed the dismissal, "with instructions to stay the proceedings pending resolution of [first-filed action]," because in the Ninth Circuit "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed rather than dismissed." *Ford v. [24]7.ai, Inc.*, 812 F. App'x 576, 577 (9th Cir. 2020) (quoting Alltrade, Inc., 946 F.2d at 629).

would otherwise be improper. *Ford*, 812 F. App'x at 577. However, "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Alltrade, Inc.*, 946 F.2d at 629.

The three prongs of the first-to-file rule are readily met in this case. The *Murphy* action was filed first, and the two actions share nearly identical parties and issues. Additionally, there is nothing to suggest the presence of any exceptions. Permitting these nearly identical cases to proceed in neighboring districts would be inefficient and contravene the judicial economy that the first-to-file rule is intended to promote. Because a Motion to Dismiss is pending in the *Murphy* action, this action is stayed pending the resolution of *Murphy*. ECF 11-1.

**SHOW CAUSE ORDER:**

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49–50 (9th Cir. 1972)).

In *Montes v. Catalyst Brands LLC.*, (*Montes II*), the plaintiffs initiated a class action lawsuit against clothing retailer Aéropostale, alleging its advertising emails violated the CEMA and CPA. No. 2:25-CV-0281-TOR 2025 WL 3485827 at *1 (E.D. Wash. Dec. 4, 2025). The *Montes II* Court held that the plaintiffs lacked Article III standing, finding the mere receipt of an email was not a concrete

injury. *Id.* at *2. Without Article III standing, the Court lacked subject matter jurisdiction to hear the case and consequently dismissed it. *Id.* at *4. This decision was appealed to the Ninth Circuit where it is currently pending. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).

Several district courts in the Ninth Circuit have considered whether plaintiffs in similar class actions alleging CEMA and CPA violations, based on advertising emails, lack Article III standing; the courts have arrived at different results. *Compare Devivo v. Sheex Inc.*, No. 3:25-CV-05807-DGE, 2026 WL 775625, at *3 (W.D. Wash. Mar. 19, 2026) (finding plaintiffs had standing) *with Nuri v. True Religion Apparel*, No. 2:25-CV-00690-LK, 2026 WL 864886, at *4 (W.D. Wash. Mar. 30, 2026) (finding plaintiffs lacked standing). In response to the pending *Montes II* appeal, district courts have stayed proceedings in analogous CEMA and CPA actions. *E.g., Meadows v. Lands' End, Inc.*, No. 3:25-CV-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026) (collecting cases).

Indeed, it appears the resolution of the *Montes II* appeal will likely be dispositive of the Article III subject matter jurisdiction issue present here. Therefore, the parties are ordered to show cause: (1) whether this court has subject matter jurisdiction over this case, and (2) whether this case should be stayed pending the resolution of the *Montes II* appeal.

Accordingly, **IT IS HEREBY ORDERED:**

1. H&M's Motion to Transfer Venue, **ECF No. 8** is **DENIED.**

2. Pursuant to the first-to-file rule, this action is **STAYED** pending the resolution of *Murphy*. The parties are directed to file a status report within 7 days of the district court's ruling on the pending motion to dismiss.

3. All other pending motions are **STAYED** pending the resolution of *Murphy*.

4. The hearing set for September 28, at 1:30 p.m. is **STRICKEN**.

**THE PARTIES ARE FURTHER ORDERED TO SHOW CAUSE:**

5. As to (1) whether this court has subject matter jurisdiction over this case, and (2) whether this case should be stayed pending the resolution of the *Montes II* appeal notwithstanding the stay pending the resolution of the *Murph*y action. The parties' responses are due by **October 9, 2026,** and shall not exceed 10 pages.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

DATED September 25, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE